## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MOON, <br> Plaintiff, <br><br><br> v. <br><br><br> DALYNNE SINGLETON, Decedent's Administrator for the ESTATE OF MARK THOMAS NEWMAN, Deceased, and ADT LLC, as Successor to PROTECTION ONE ALARM MONITORING, INC., <br> Defendants. | CASE NO.: 4:26-cv-03072 <br><br> **COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

This case has been brought because Christopher Moon ("Moon" or "Plaintiff") suffered serious injuries following a motor vehicle crash that occurred in Thayer County, Nebraska on March 17, 2022. Moon's injuries were caused by Mark Thomas Newman's ("Mr. Newman" or "Newman") negligent acts and omissions, who was operating a truck within the course and scope of his employment with Defendant ADT LLC, as successor to Protection One Alarm Monitoring, Inc. ("Defendant ADT" or "ADT"). While operating a truck for ADT, Mr. Newman drove the truck into Plaintiff's lane of traffic and caused Plaintiff serious injuries and damages. Mr. Newman died at the scene. In addition vicarious liability for Mr. Newman's conduct, Defendant ADT is liable for its own negligence

in the hiring, training, supervision, and retention of Mr. Newman, which was a direct and proximate cause of Plaintiff's injuries and damages. Plaintiff seeks all compensation of damages available to him under the law, which exceeds the jurisdictional limitations of seventy-five thousand dollars.

## PARTIES

1.      At all times material hereto, the Plaintiff is a citizen of Nebraska.

2.      Defendant Estate of Mark Thomas Newman ("Defendant Estate of Newman") is the estate of Mark Thomas Newman, deceased, and Dalynne Singleton is the Decedent's Administrator of the Estate.

3.      At all times material hereto, Mr. Newman was citizen of Washington.

4.      At all times material hereto, Defendant ADT LLC is a United States corporation, with its principle place of business located in Raton, FL and does business in the state of Nebraska.

## JURISDICTION

5.      This Court has personal jurisdiction over Defendant Estate of Newman because the events that give rise to this cause of action occurred in Thayer County, Nebraska.

6.      This Court has personal jurisdiction over Defendant ADT, LLC because the events that give rise to this cause of action occurred in Thayer County, Nebraska.

7.      This Court has personal jurisdiction over the parties.

8.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C.A. § 1332.

9.     Diversity of citizenship is present between the parties.

10.     The amount in controversy substantially exceeds seventy-five thousand dollars, exclusive of interest and costs.

11.     This court has subject matter jurisdiction over the parties.

## VENUE

12.     Plaintiff fully incorporates paragraphs 1-11 of this Complaint as if fully restated herein.

13.     The events that give rise to this cause of action took place on March 17, 2022 in Thayer County, Nebraska.

14.     Venue is proper pursuant to 28 U.S.C.A § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in the District of Nebraska.

## STATEMENT OF FACTS

15.     On March 17, 2022 at approximately 6:30 p.m., the Plaintiff, Mr. Moon, was operating a blue 2013 Peterbilt semi-truck southbound on Highway 81 South approaching mile marker 13 in Thayer County, Nebraska.

16.     At the same time and place, Mr. Newman was operating a white 2017 121 Transit Ford van (hereinafter "Ford van") northbound in the south bound lanes of Highway 81 approaching mile marker 14.

17.     At the same time and place, Mr. Newman drove the Ford

van towards Mr. Moon's truck, causing a head-on collision between the two vehicles.

18.    As a result of the collision (hereinafter, "the crash"), the front of Mr. Moon's semi-truck was visibly damaged.

19.    The following image is an accurate representation of the damage done to Mr. Moon's semi-truck in the crash.



20.    After the car crash occurred, personnel from the Thayer County Sheriff's Office, Emergency Medical Services (EMS), and Hebron Fire Department, arrived at the scene.

21.    Mr. Newman was pronounced deceased on the scene.

22.    Mr. Moon had a bloody nose.

23.    Mr. Moon's truck was leaking fuel and smoking.

24.    A sheriff at the scene assisted Mr. Moon out of his vehicle and escorted him to EMS.

4

25.    EMS transported Mr. Moon to Thayer County Health Services.

26.    On the evening of the crash, Mr. Moon was treated at Thayer County Health Services and admitted overnight.

27.    On May 10, 2022, Mr. Moon underwent an MRI of the brain.

28.    On May 13, 2022, Mr. Moon underwent a cervical MRI.

29.    On May 13, 2022, Mr. Moon underwent a lumbar MRI.

30.    Plaintiff suffered significant injuries as a direct result of Mr. Newman striking Plaintiff's vehicle, including but not limited to:

    a.  Traumatic brain injury

    b.  Cervical spine injury

    c.  Lumbar spine injury

    d.  Nasal fracture

    e.  Scalp contusion

    f.  Chronic headaches

31.    At the time of the crash, Mr. Moon was 41 years old.

32.    The Plaintiff, Mr. Moon, has not returned to his pre-crash health baseline.

33.    Plaintiff Moon's brain and spine are permanently damaged.

34.    The Plaintiff, Mr. Moon, has and will continue to experience severe physical pain as a result of Defendant Newman's and Defendant ADT's negligence.

35.    The Plaintiff, Mr. Moon, has and will continue to require medial treatment for the injuries caused by the March 17, 2022 crash

as a result of Mr. Newman's and Defendant ADT's negligence.

36.    Plaintiff has and will continue to experience severe mental suffering as a result of Mr. Newman's and Defendant ADT's negligence.

37.    Plaintiff has and will continue to experience loss of enjoyment of his life as a result of Mr. Newman's and Defendant ADT's negligence.

38.    Upon information and belief, at all times material hereto, Mr. Newman was driving in the course and scope of his employment as an employee, agent, and or servant of Defendant ADT as successor of Protection One Alarm Monitoring, Inc.

39.    Defendant ADT is vicariously liable for the actions of its employee, agent, and/or servant, Mr. Newman, through the doctrine of Respondeat Superior.

40.    Defendant ADT is directly liable for its negligent hiring, training, and/or supervision of Mr. Newman.

## CAUSE OF ACTION I – NEGLIGENCE AGAINSST THE DEFENDANT ESTATE OF NEWMAN

41.    Plaintiff hereby incorporates paragraphs 1 through 40 of this Complaint as if fully restated herein.

42.    Mr. Newman owed Plaintiff a duty to maintain a proper lookout while operating the Ford truck.

43.    Mr. Newman owed Plaintiff a duty to maintain the Ford van under reasonable control.

44.    Mr. Newman owed Plaintiff a duty to operate the Ford

van within the limits of his control.

45.    Mr. Newman owed Plaintiff a duty to use care when driving the Ford van.

46.    Mr. Newman owed Plaintiff a duty to follow the rules of the roadway when operating the Ford van.

47.    Mr. Newman breached his duty to Plaintiff in the following manner:

    a.  Failing to maintain a proper lookout.

    b.  Failing to control the Ford van.

    c.  Failing to adhere to the rules of the road.

    d.  Failing to act as a reasonably careful driver in the same situation would have acted.

    e.  Entering Plaintiff's lane of traffic.

    f.  Crashing into the front of Plaintiff's vehicle by entering Plaintiff's lane.

48.    As a direct and proximate result of Mr. Newman's breach of his duties, Mr. Newman caused Plaintiff to sustain serious and significant injuries and damages as more fully described herein.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT ADT THROUGH DOCTRINE OF VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR*

49.    The Plaintiff realleges and incorporates the allegations in paragraphs 1-48 as if fully alleged and incorporated herein.

50.    Upon information and belief, Mr. Newman was operating a vehicle (the Ford van) as an employee, agent, and/or servant of

Defendant ADT.

51.    Upon information and belief, Mr. Newman was operating the Ford van for the benefit of Defendant ADT.

52.    Upon information and belief, Mr. Newman was acting within the scope of this employment with Defendant ADT.

53.    Defendant ADT's employee, agent, and/or servant, Mr. Newman, owed Plaintiff a duty to maintain a proper lookout while operating the Ford van.

54.    Defendant ADT's employee, agent, and/or servant, Mr. Newman, owed Plaintiff a duty to keep the Ford van under reasonable control.

55.    Defendant ADT's employee, agent, and/or servant, Mr. Newman, owed Plaintiff a duty to operate the Ford van within the limits of his control.

56.    Defendant ADT's employee, agent, and/or servant, Mr. Newman, owed Plaintiff a duty to maintain a proper lookout when driving the Ford van while in the course of his employment.

57.    Defendant ADT's employee, agent, and/or servant, Mr. Newman, owed Plaintiff a duty to use due care when operating the Ford van.

58.    Defendant ADT's employee, agent, and/or servant, Mr. Newman, owed Plaintiff a duty to obey all rules of the roadway in the operation of the Ford van.

59.    Defendant ADT's employee, agent, and/or servant, Mr. Newman, breached his duty to Plaintiff in the following manner:

    a.  Failing to maintain a proper lookout.

b.  Failing to control the Ford van.

c.  Failing to adhere to the rules of the road.

d.  Failing to act as a reasonably careful driver in the same situation would have acted.

e.  Entering Plaintiff's lane of traffic.

f.  Crashing into the front of Plaintiff's vehicle by entering Plaintiff's lane.

60.    As a direct and proximate result of Defendant ADT's employee, agent, and/or servant's breach of duties, Defendant ADT's employee, agent, and/or servant, Mr. Newman, caused Plaintiff Christopher Moon to sustain serious and significant injuries and damages as more fully described herein.

61.    Defendant ADT is vicariously liable for the negligence, carelessness, and recklessness of its employee, agent, and/or servant and is responsible for all injuries and damages described more fully herein under the doctrine of *respondeat superior*.

## COUNT III – NEGLIGENCE AGAINST DEFENDANT ADT – NEGLIGENT HIRING, TRAINING, SUPERVISION

62.    The Plaintiff realleges and incorporates the allegations in paragraphs 1-61 as if fully alleged and incorporated herein.

63.    Defendant ADT owed Plaintiff a duty to exercise reasonable care in hiring, training, and supervising its employees, agents, and/or servants, including Mr. Newman.

64.    Defendant ADT failed to properly hire, train and supervise its employees, agents, and/servants on implementing and enforcing

reasonable and proper safety precautions related to the work and safety issues involving its business, including driving and operating vehicles on the public roadways.

65.     Defendant ADT knew, or in the exercise of reasonable care should have known, that its employee, agent, and/or servant, Mr. Newman, lacked proper skills, training, and was unfit, incompetent, or otherwise unsuitable to safely operate a motor vehicle in the course and scope of his employment on or about March 17, 2022.

66.     By failing to take reasonable measures in properly hiring, training, retaining, and supervising its employees, agents, and/servants, including Mr. Newman, or taking such reasonable measures, Defendant ADT breached its duty of care to Plaintiff Christopher Moon.

67.     As a direct and proximate result of Defendant ADT's negligence in hiring, training, supervising, and retaining Mr. Newman, Plaintiff Christopher Moon sustained serious and significant injuries and damages as more fully described herein.

## DAMAGES

68.     Plaintiff hereby incorporates paragraphs 1 through 67 of this Complaint as if fully restated herein.

69.     As a result of the above Plaintiff incurred:

    a.  Past reasonable and necessary medical expenses;

    b.  Future reasonable and necessary medical expenses;

    c.  Past lost wages;

    d.  Loss of future earning power;

    e.  Past physical pain;

f.  Future physical pain;

g.  Past mental suffering;

h.  Future mental suffering;

i.  Past emotional distress;

j.  Future emotional distress;

k.  Past humiliation;

l.  Future humiliation;

m.  Past inconvenience;

n.  Future inconvenience;

o.  Past loss of society and companionship;

p.  Future loss of society and companionship.

70.    Plaintiff Christopher Moon seeks to recover damages against Defendant ADT and Defendant Estate of Newman in an amount to be proven at trial.

## JURY DEMAND

71.    Plaintiff demands a trial by jury on all counts.

DATED this 3rd day of March, 2026.

CHRISTOPHER MOON, Plaintiff

By: /s/Alejandra Ayotitla
Alejandra Ayotitla, #27767
Pesek Law, LLC
4826 South 24th Street
Omaha, Nebraska 68107
Tel.: (402) 342-9684
Fax: (402) 342-9683
alejandra@peseklaw.com

/s/ Ross Pesek
Ross Pesek, #24636
Pesek Law, LLC
4826 South 24th Street
Omaha, Nebraska 68107
Tel.: (402) 342-9684
Fax: (402) 342-9683
ross@peseklaw.com

/s/ Mitchell C. Stehlik
Mitchell C. Stehlik, #24451
Stehlik Law Firm, PC, LLO
724 W Koeing St.
Grand Island, NE 68801
Tel.: (308) 675-4035
Fax: (308) 675-4038
mitchell.stehlik@stehliklawfirm.com

*ATTORNEYS FOR PLAINTIFF*